# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1635V
(not to be published)

| | |
|---|---|
| TATUM BREVIG,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rate; Non-Compensable Billing; Administrative Time; Costs |

*Seth Zawila*, Robins Kaplan LLP, Minneapolis, MN for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 21, 2019, Tatum Brevig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration causally related to her receipt of an influenza vaccine on October 22, 2016. (Petition at 1). On September 14, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 1, 2021 (ECF No. 47), requesting a total award of $40,921.50 (representing $38,654.00 in fees and $2,267.50 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that she incurred no out-of-pocket expenses. (Id. at 2). Respondent reacted to the motion on December 15, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 49). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

# ATTORNEY FEES

    A.  <u>Hourly Rates</u>

Petitioner requests that I endorse a range of rates for the multiple attorneys, paralegals and staff that all billed time in this matter from 2017 to 2021. I find adjustments are needed to all the requested rates, due to the excessive rates and attorney's inexperience in the Vaccine Program. I will address each of the requested rates by attorney listed below.

    i.  Seth Zawila

First, I begin with the counsel of record, Seth Zawila. Petitioner requests I endorse the rates of $315 for 2019; $330 for 2020; and $460 for 2021. (ECF No. 47-1 at 3-10).

In the affidavit filed with Petitioner's motion, Mr. Zawila states that he "has been practicing law for over three years" which places him in the range of attorneys with less than 4 years' experience for 2019 and 2020 and the range of with 4-7 years' experience for 2021. (ECF No. 47-2 at 1). Mr. Zawila's requested rates greatly exceeds what an attorney with comparable overall legal experience (including those with a lack of vaccine petition-specific experience) would receive in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The appropriate fee ranges for an attorney with Mr. Zawila's overall years of experience would be as follows: $162 - $243 per hour for 2019; $169 - $253 per hour for 2020; and $266 - $355 per hour for 2021.[3] When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. 2015 WL 5634323, at *17.

At the start of this case, Mr. Zawila had three years of overall experience but no experience in the Vaccine Program.[4] It is for this reason I find it appropriate to reduce the requested hourly rates for Mr. Zawila for all periods of work performed on this matter to something more in line with his Vaccine Program experience and overall legal experience, and therefore award the following rates:

---

[3] These ranges can be found in OSM Attorney's Forum Hourly Rate Schedules.

[4] Court record show this is Mr. Zawila's first vaccine case with no remaining cases open.

3

- $195 per hour for work performed in 2019;

- $235 per hour for time billed in 2020; and

- $266 per hour for time billed in 2021.

Based upon the rates I am permitting for Mr. Zawila, the amount of fees to be awarded in this case is reduced by **$6,084.90**.[5]

### ii.   Joseph Q. McLeod

Based on independent research by this office, Joseph McLeod has been a licensed attorney since 2017, placing him in the range of attorneys with less than four years' experience in for all time billed.[6] Just as with Mr. Zawila, this is Mr. McLeod's first case in the Vaccine Program setting an hourly rate. Mr. McLeod's requested rate of $300 per hour is within the range for attorneys at his level of overall experience, albeit on the highest end of the range. His requested rate of $420 for 2019, however far exceeds his appropriate range. Due to Mr. McLeod's limited experience in the Vaccine Program, I find it appropriate to reduce his rates as follows:

- $195 per hour for time billed in 2018

- $225 per hour for time billed in 2019

Based upon these rates of Mr. McLeod, the amount of fees awarded shall be reduced by **$3,766.50**.[7]

### iii.   Other Attorneys

Finally, there are several additional attorneys that preformed work on this case requesting a variety of rates. The requested rates are as follows:

---

[5] This amount consists of ($315 - $195 = $120 x 19.5 hrs = $2,340) + ($330 - $235 = $95 x 23.9 hrs = $2,270.50) + ($460 - $266 = $194 x 7.6 hrs = $1,474.40) = $6,084.90.

[6] https://mars.courts.state.mn.us/AttorneyDetail.aspx?attyID=0398848

[7] This amount consists of ($300 - $195 = $105 x 16 hrs = $1,680) + ($420 - $225 = $195 x 10.7 hrs = $2,086.50) = $3,766.50.

|  | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|
| **Brandon Thompson** | $510 | | | | |
| **Peter Schmit** | | $600 | $600 | $700 | $735 |
| **Christopher Messerly** | | $600 | | | |
| **Patrick Stoneking** | | $525 | | | |

(ECF No. 47-1 at 1).

The requested rates for these listed attorneys <u>greatly</u> exceed all the appropriate ranges of experience on the OSM Attorney's Forum Hourly Rate Schedule. In addition, the work of these attorneys appears to have been substantively limited.

Given that these listed attorneys are not admitted to practice in the Court of Federal Claims, a reduction of the requested hourly rate is appropriate. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

For that reason, I shall reduce the listed attorney's rates to the following:

|  | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|
| **Brandon Thompson** | $148 | | | | |
| **Peter Schmit** | | $153 | $156 | $163 | $172 |
| **Christopher Messerly** | | $153 | | | |
| **Patrick Stoneking** | | $153 | | | |

The rates are reduced to a rate that is more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of attorney fees in the amount of **$2,183.30**.[8]

---

[8] This amount consists of the following: ($510 - $148 = $362 x 0.70 hrs = $253.40) + ($600 - $153 = $447 x 0.90 hrs = $402.30) + ($600 - $156 = $444 x 0.60 hrs = $266.40) + ($700 - $163 = $537 x 0.30 hrs = $161.10) + ($735 - $172 = $563 x 0.30 hrs = $168.90) + ($600 - $153 = $447 x 2 hrs = $894) + ($525 - $153 = $372 x 0.10 hrs = $37.20) = $2,183.30.

        iv.      Support Staff

Just as with the attorneys, Petitioner requests hourly rates for paralegals, an investigator and a "medical analyst" with rates that exceed what experienced paralegals in the Vaccine Program receive. The requested rates are as follows:

|  | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|
| **Lisa M. Birchen, Paralegal** |  |  | $225 | $250 | $265 |
| **Brian J. Cade, Investigator** | $160 |  |  |  |  |
| **Paige L. Didora, Medical Analysist** | $180 | $180 | $190 | $210 | $250 |

(ECF No 47-1 at 1-10).

As the Vaccine Program bases rates for attorney or paralegal work, I shall treat the time billed by Ms. Didora and Mr. Cade as paralegal time. These requested rates require adjustment as they exceed the Vaccine Program's published range for paralegals for all years billed.[9] I shall therefore reduce the requested rates for all support staff to the following: to the following:

|  | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|
| Support Staff | $148 | $153 | $156 | $163 | $172 |

This reduces the fees requested in the amount of **$2,271.50.**[10]

    B.  <u>Non-Compensable Billing</u>

Petitioner's counsel billed over 17 hours on tasks which are not reimbursable. In particular, Petitioner requests fees associated with bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human*

---

[9] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[10] This amount consists of: ($160 - $148 = $12 x 3 hrs = $36) + ($180 - $148 = $32 x 3.2 hrs = $102.40) + ($180 - $153 = $27 x 6.1 hrs = $164.70) + ($190 - $156 = $34 x 6.7 hrs = $227.80) + ($225 - $156 = $69 x 6 hrs = $414) + ($210 - $163 = $47 x 1.8 hrs = $84.60) + ($250 - $163 = $87 x 9 hrs = $783) + ($250 - $172 = $78 x 0.40 hrs = $31.20) + ($265 - $172 = $93 x 4.6 hrs = $427.80) = $2,271.50.

*Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples of these tasks include:

- November 8, 2017 (0.20 hrs) "Prep for Form II – Brevig from Capper"

- August 3, 2018 (3.30 hrs) "Review federal court of claims admission application process and process to bring a claim";

- March 7, 2019 (2.10 hrs) "Draft Fed. Claims Court submissions and letters";

- March 8, 2019 (2.30 hrs) "Federal Claims Court admission application";

- March 29, 2019 (1.10 hrs) "Correspondence w/M. Woods Ltr. for Admission"; and

- October 22, 2019 (0.70 hrs) "Collecting signatures from M. Woods and R. Allyn to be admitted to Court of federal claims, conferencing with N. Fisher regarding application to be admitted to Court."

(ECF No. 47-1 at 2-3).[11]

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$3,888.00**.[12]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's

---

[11] These are merely examples and not an exhaustive list

[12] This amount consists of the reduced rates as follows: ($153 x 2 hrs = $306) + ($156 x 0.5 hrs = $78) + ($195 x 7.7 hrs = $1,501.50) + ($225 x 8.9 hrs = $2,002.50) = $3,888.00.

7

fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 8.6 hours was billed by on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these entries include:

- January 8, 2019 (0.10 hrs) "Emailed Qortney. Filed and printed four emails re: updates;

- December 27, 2019 (0.30 hrs) "0.30 hrs) "Add'l records in. Notified Seth. Made working copy";

- February 25, 2020 (0.80 hrs) "Assembling additional PT medical records";

- March 17, 2020 (0.10 hrs) "Skimmed filing from Jannyce and Seth"; and

- June 11, 2021 (0.30 hrs) "Organize costs paid documentation, email w/ paralegal re: same"

(ECF No. 47-1 at 3, 5, 6, 7 and 10).[13]

I hereby reduce the request for attorney fees for all time considered administrative, reducing the request by **$1,384.30**.[14]

## ATTORNEY COSTS

Petitioner requests $2,267.50 in costs. (ECF No. 47-1 at 17). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, pacer charges and medical records. I find the majority of these reasonable, with the exception of the $281.00 charge associated with "Admission to Court of Federal Claims" and $53.15 for "Certificate of Good Standing from Supreme Court for admission to Court of Federal Claims". (Id. at 13). This represents the costs associated with an attorney's

---

[13] These are merely examples and not an exhaustive list.

[14] This amount consists of; ($85 x 1 hrs = $85) + ($90 x 0.30 hrs = $27) + ($148 x 3.20 hrs = $473.60) + ($156 x 0.50 hrs = $78) + ($163 x 0.20 hrs = $32.60) + ($172 x 0.30 hrs = $51.60) + ($195 x 2.3 = $448.50) + ($235 x 0.80 = $188) = $1,384.30.

admission to the Court's bar – not a reimbursable sums in the Vaccine Program. The costs to be awarded are thus reduced by **$334.15**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$21,008.85 (**representing $19,075.50 in fees and $1,933.35 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[15]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[15] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.